UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-397-LM |
| ) | |
| ELIZABETH MORRISON, f/k/a Elizabeth ) | |
| Ruyack, individually, and as the trustee of ) | Judge Landya B. McCafferty |
| the Balmoral Realty Trust, ) | |
| THE SIWOOGANOCK BANK, ) | |
| PASSUMPSIC BANK, THE PROVIDENT ) | |
| BANK, JOHN DUPUIS, KAREN DUPUIS, ) | |
| RONALD MORRISON, and ) | |
| BARBARA MORRISON, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

ORDER APPOINTING CENTURY 21 WINN ASSOCIATES AS RECEIVER FOR
REAL PROPERTY AT 2533 MAIN STREET AND 2161 MAIN STREET, BETHLEHEM, NH

The plaintiff United States of America has moved, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d) and the Agreed Final Judgment in this case (Docket No. 40), for an order appointing Century 21 Winn Associates of Littleton, New Hampshire, as Receiver, to arrange for the sale of the following two real properties:

(a) the real property located at 2161 Main Street, Bethlehem, New Hampshire ("the First Main Street Property"), which John L. Stevenson conveyed to Elizabeth A. Ruyack, Trustee of Balmoral Realty Trust, by Warranty Deed dated June 13, 1997, and recorded on June 16, 1997, with the Grafton County Registry of Deeds at Book 2255, Page 775, and which is more specifically described as:

A certain tract of land with any buildings and improvements thereon, situated on the northerly side of Main Street, said Bethlehem, Bounded and described as follows:

> Beginning at an iron pin in the northerly line of said Main Street, said pin being located 245 feet easterly from an iron pin at the intersection of the northerly line of said Main Street with the easterly line of Maple Street, so-called, and 150.5 feet easterly from the southeasterly corner of the Town Hall; thence north 33 degrees 58 minutes west passing six (6) feet easterly from an elm tree 60.7 feet to an iron pin; thence north 13 degrees 30 minutes east 76.3 feet to an iron pin at the northeasterly corner of the Cruft Town Hall plot; thence south 89 degrees 40 minutes east 124 feet to an iron pin in the line of land of Clark; thence south 2 degrees 51 minutes west 140 feet on line of land of Clark to an iron pin in the northerly line of said Main Street 101 feet to the point of beginning.
>
> Excepting and reserving from this conveyance the water lines and sewage, and other public utilities, with the right to go on said premises for the purposes of repairing and re-laying said lines and public Utilities.

      (b)      the real property located on or near 2533 Main Street, Bethlehem, New Hampshire (the "Second Main Street Property"), which Mary Jane Marshall, f/k/a Mary Jane Johnson, trustee of the Mary Jane Johnson Revocable Trust, conveyed to Elizabeth A. Ruyack, Trustee of the Balmoral Realty Trust, by Warranty Deed dated November 1, 1996, and recorded on November 1, 1996, with the Grafton County Registry of Deeds at Book 2225, Page 327, and which is more specifically described as:

> A certain tract or parcel of land, with the improvements thereon, situate on the northerly side of Route 302 in Bethlehem, Grafton County, New Hampshire, depicted as Lot #1 on a plan entitled "Lot Line Adjustment involving lands of Hilco, Inc. and the Village at Maplewood, Inc., Bethlehem, New Hampshire" by Cartographic Associates, Inc., certified by Douglas A. Grella, L.L.S., approved by the Bethlehem Planning Board and recorded in the Grafton County Registry of Deeds as Plan No. 6982 on July 5, 1991.

Good cause having been shown, and all non-defaulted parties having consented to the relief requested, the United States' motion is GRANTED.

IT IS THEREFORE ORDERED THAT:

1.      Century 21 Winn Associates of Littleton, New Hampshire, is appointed as Receiver for the First Main Street Property and the Second Main Street Property for the purpose of assisting in the sale of the properties, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d) and the

Agreed Final Judgment. The Receiver is directed to preserve and protect the value of the properties, to put them into saleable condition, and to arrange for their sale free and clear of all rights, titles, claims, liens or interests of the parties to this action.

2. The Receiver shall have the authority to arrange for the sale of the First Main Street Property and the Second Main Street Property, whether jointly or separately, subject to confirmation by this Court, in any manner approved by the United States. The terms of any purchase agreement shall include the balance of the purchase price paid in cash at closing, and may include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. The closing shall not occur until after the sale has been confirmed by further Order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to one or both properties executed by the Receiver. In the event that a closing takes place prior to an Order of this Court regarding the distribution of proceeds, the Receiver shall hold all of the proceeds of any property sale, net of any reasonable closing costs first approved by the United States, Passumpsic Bank (First Main Street Property only) and PNC Bank (Second Main Street Property only), including any earnest money deposits, in an interest-bearing account until such time as this Court shall make a further order regarding the distribution of those proceeds.

3. The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this Order, specifically including, but not necessarily limited to, the power to enter onto the First Main Street Property and the Second Main Street Property, to manage the properties, to advertise the sale of the properties, to take any action reasonably necessary to protect and preserve the value of the properties prior to sale, and to put them into saleable

condition, including making expenditures of funds that are first approved by the United States, Passumpsic Bank (First Main Street Property only), and PNC Bank (Second Main Street Property only), for reasonable and necessary maintenance and improvements.

    4.      The Receiver shall be compensated from the proceeds of the sale(s) of the First Main Street Property and the Second Main Street Property (a) in an amount equal to six (6) percent of the gross sale proceeds, and (b) for its reasonable and necessary expenses incurred to protect and preserve the value of the properties that were first approved by the United States, Passumpsic Bank (First Main Street Property only), and PNC Bank (Second Main Street Property only).

    5.      The First Main Street Property is currently occupied by two leasehold tenants, the United States Postal Service and Melissa Sheehan, the proprietor of the Maia Papaya restaurant. The First Main Street Property shall be sold subject to these two leases, with the purchaser to receive and assume the rights and obligations under the leases and any other applicable law. From the date of the appointment of the Receiver until the date of the closing, the Receiver shall collect rents due under the leases and pay certain expenses associated with the First Main Street Property in accordance with the leases.  A copy of the lease to the United States Postal Service is attached hereto as Exhibit 1.  A copy of the lease to Melissa Sheehan is attached hereto as Exhibit 2.  Upon the entry of this Order, Mrs. Morrison shall direct the tenants to pay their rent directly to the Receiver.  The Receiver shall distribute the net rental income from the First Main Street Property to defendant Passumpsic Bank for application toward its mortgage lien against the First Main Street Property.  The Receiver shall not use any of the rental income from the First

Main Street Property to pay for or otherwise to offset any costs incurred in regard to the Second Main Street Property.

6.      Defendant Elizabeth Morrison may continue to use the Second Main Street Property during the period when the Receiver is marketing the property for sale, but she, and all others residing there or using the premises for any purpose, shall vacate the Second Main Street Property by the later of 30 days after receiving notice from either the Receiver or the United States that the property is under a binding purchase/sale agreement or 15 days prior to a scheduled closing on such a purchase/sale agreement.  Defendant Elizabeth Morrison shall keep the Second Main Street Property reasonably clean and shall cooperate with the Receiver in making the property available for inspection of the interior by prospective purchasers at reasonable times of day, including weekends.

7.      All defendants are hereby restrained and enjoined from interfering in any way with the Receiver's efforts to comply with its obligations under this Order, and any violation of this paragraph may result in a fine, or incarceration, or both.

        IT IS SO ORDERED.

Dated:  8/14/2012                              _____
                                                HON. LANDYA B. McCAFFERTY
                                                UNITED STATES MAGISTRATE JUDGE